**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WHITING PETROLEUM CORPORATION, *et al.*,[1] | ) | Case No. 20-20-32021 (DRJ) |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter 11 |
| WHITING OIL AND GAS CORPORATION, | ) | Adversary Proceeding |
| Plaintiff, | ) | No. 20-3196 (DRJ) |
| | ) | |
| v. | ) | |
| | ) | |
| BNN WESTERN, LLC, | ) | |
| Defendant. | ) | |
| | ) | |

## WHITING'S OBJECTIONS TO EVIDENCE SUBMITTED WITH BNN WESTERN'S RESPONSE TO WHITING'S MOTION FOR SUMMARY JUDGMENT

On June 22, 2020, Whiting Oil & Gas Corporation ("Whiting") filed its Motion for Summary Judgment (Dkt. No. 4, the "Motion") in this docket. On July 24, 2020, BNN Western, LLC ("BNN") filed its Response to Whiting's Motion for Summary Judgment and Cross-Motion for Summary Judgment (Dkt. No. 18, the "Response"). Now, Whiting objects to inadmissible evidence in the Response and moves to strike those exhibits. Whiting shows:

Evidence attached to BNN's Response is inadmissible. Whiting requests that the Court sustain its objections to exhibits B, C, and D of BNN's Response and strike the evidence complained of for the purpose of determining the Motion.

---

[1]   The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are: Whiting Canadian Holding Company Unlimited Liability Corporation (3662); Whiting Petroleum Corporation (8515); Whiting US Holding Company (2900); Whiting Oil and Gas Corporation (8829); and Whiting Resources Corporation (1218). The location of the debtors' service address is: 1700 Lincoln Street, Suite 4700, Denver, Colorado 80203.

In response to a motion for summary judgment, the opposing party must come forward with "competent evidence" to support its response. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Evidence that is "inadmissible will not be considered on a motion for summary judgment because it would not establish a genuine issue of material fact if offered at trial." *Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (citing 10A Wright & Miller, Federal Practice and Procedure § 2727 at 156 (1983)); *see also* Fed. R. Civ. P. 56(c)(2) and (c)(4) (requiring that facts cited in a summary judgment pleading be supported by admissible evidence).

Whiting objects to exhibits B, C, and D of BNN's Response. Exhibit B is a purported copy of a License to Use Easements. Exhibit C is a purported copy of an Assignment Agreement. Exhibit D is a purported copy of a Sale Agreement.

Whiting objects to exhibits B, C, and D on the ground that they are not authenticated pursuant to Article IX of the Federal Rules of Evidence. Authentication is a condition precedent to admissibility, which requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). If evidence is not authenticated, "it lacks relevance under FRE 401 and is subject to exclusion…" Christopher B. Mueller & Laird C. Kirkpatrick, Evidence § 9.1 (3rd ed. 2003).

First, Exhibits B, C, and D are not authenticated, and BNN failed to provide any evidence to demonstrate their authenticity. Second, while the documents have a bar code and refer to the name of a public office, they are not certified copies of public records. To satisfy Federal Rule of Evidence 902(4), they must be certified as correct by the custodian or another person authorized to make the certification or include a seal and signature as required by Rule 902(1). *See* Fed. R. Evid. 902(4). Since exhibits B, C, and D are not authenticated by a declarant and are not certified copies of public records, they are inadmissible, irrelevant, and should not be considered in

determining the Motion, Response, or BNN's cross-motion for summary judgment.  Finally, the

allegation that these exhibits allegedly reflect agreements between BNN and Whiting does not

resolve the authentication objection.  *See Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12

F.3d 527, 540 (5th Cir. 1994) (even if a document constitutes an operative fact a party must still

authenticate it).

Whiting requests that the Court sustain its objections to exhibits B, C, and D and strike

those exhibits from the summary judgment record.

Houston, Texas

July 31, 2020

/s/ *Matthew D. Cavenaugh*

**JACKSON WALKER L.L.P.**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Elizabeth C. Freeman (TX Bar No. 24009222)
Amy L. Baird (TX Bar No. 24044090)
Richard A. Howell (TX Bar No. 24056674)
Vienna F. Anaya (TX Bar No. 24091225)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221

Email: mcavenaugh@jw.com
        efreeman@jw.com
        abaird@jw.com
        rahowell@jw.com
        vanaya@jw.com

## CERTIFICATE OF SERVICE

I certify that on July 31, 2020, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Matthew D. Cavenaugh*
Matthew D. Cavenaugh